[No. 15081. Department One. February 28, 1919.]

O. W. AURA, *Appellant,* v. I. E. MARKLE *et al.,*
*Respondents.*[1]

APPEAL (418) — REVIEW — FINDINGS. Findings abundantly supported by the evidence will not be disturbed on appeal, notwithstanding an impolitic remark of the court upon a matter not in evidence.

Appeal by plaintiff from a judgment of the superior court for Snohomish county, Alston, J., entered May 6, 1918, upon findings in favor of the plaintiff, awarding damages for trespass in the amount tendered by defendants, after a trial to the court. Affirmed.

*Walter G. Kienstra,* for appellant.
*C. T. Hardinger,* for respondents.

TOLMAN, J.—Appellant was the owner of a tract of four and a fraction acres of land in what was known as the Pilchuck Valley Tracts, in Snohomish county,

[1]Reported in 178 Pac. 814.

Washington, and brought this action to recover the value of timber alleged to have been cut therefrom by respondents in September and October, 1917; and for damages caused to young growing trees by the alleged cutting, and by leaving the tops of the trees which were cut upon the land; alleging that the cutting was wilful, and praying for treble damages under the statute. Respondents answered denying that they knowingly or wilfully cut any timber, and alleged that they, through excusable mistake, cut trees belonging to appellant of the value of $17.70 only, and that, prior to the beginning of the action, they tendered to appellant the sum of $80 in settlement of such damages, which tender was renewed in the answer.

The case was tried to the court without a jury, and the trial court found that timber aggregating 35,405 feet, board measure, was cut, that its value was seventy-five cents per thousand, and that the cutting was not casual or involuntary, and that the appellant was entitled to treble damages, or the sum of $79.66; and recovery for injury to growing trees, and for damages caused by leaving the tops on the ground, was denied. Judgment was entered directing the clerk of the court to pay the appellant the $80 tendered and deposited in court, and awarding to respondents their taxable costs; from which judgment this appeal was taken.

Errors are assigned as follows: "(1) Inadequate damages appear to have been given under the influence of prejudice. (2) Insufficient evidence to justify the decision and that said decision is against law."

In rendering his decision in this case, the trial court, after discussing the evidence of the several witnesses, said:

"I am familiar with—we all are—with that class of timber and very familiar with the mills that are cutting that, and this is not having any influence, but I say I own four million feet of this kind of timber, right adjoining a mill that has been testified to here, about—accessible to a mill, within half a mile of a mill that is cutting and a splendid road . . . Well now if they give me fifty cents a thousand for that timber I will appreciate it; and when a man says it is worth four dollars he doesn't think so; he is deliberately testifying to something that he does not believe in. So I think seventy-five cents is a very high value for that timber-stumpage, and I shall find it is worth seventy-five cents."

While it was, perhaps, impolitic for the court to disclose and discuss his ownership of timber, yet he expressly prefaced that discussion with the statement: "This is not having any influence." And to be certain that the court was not so influenced, we have carefully read and considered all of the evidence brought here by the record. We find, after a most painstaking consideration, that the evidence abundantly sustains all of the findings of which appellant complains, and that the only finding which might possibly be criticized as being against the weight of the evidence, is that which holds that the trespass was not casual or involuntary. In view of the tender, this, of course, becomes immaterial.

The judgment appealed from is affirmed.

CHADWICK, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.